Ilir Lecaj, a man
15 Juniper Street
Ipswich, MA, 01938



# DISTRICT COURT OF UNITED STATES
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ilir Lecaj, a Natural Man, )<br>*Claimant* )<br>)<br>*Vs.* )<br>)<br>J.C.Christensen and Associates, Inc )<br>*Respondent* )<br>) | CASE NR: _____<br><br>VERIFIED CLAIM FOR DAMAGES<br><br>**JURY TRIAL DEMANDED** |

-------------------------------------------------------------------

Comes now, Ilir Lecaj, a Natural Person, a Consumer, claiming wrong doing by the Respondent as follows;

## INTRODUCTION

**1.** This claim is an action brought by the Claimant for violation Consumer Protection Laws. Respondent J.C. Christensen and Associates (J.C.Christensen) is a debt collector and attempts to collect defaulted debts directly from consumers. In trying to collect, the Respondent has violated M.G.L. c. 93 §2, 940 CMR 7.00, FCRA (15 USC 1681p), FDCPA (15 USC 1692) and Invasion of Privacy by violating MGL Ch.93, §66

## THE PARTIES

**2.** Claimant, Ilir Lecaj, is now and at all times relevant to this action an American National and Natural Person. Claimant is a "consumer" as that term is defined in 15 U.S.C. §1692a(3), and M.G.L. c. 93, §49, and 209 CMR 18.02.

**3.** Respondent "J.C.Christensen" is **debt collector**, with principal place of business: 200 14th Avenue East, Sartell, MN, 56377. J.C.Christensen is registered to do business as "debt collector" in Massachusetts.

**4.** Respondent J.C. Christensen, is debt collector as the term is defined by M.G.L. c. 93A, s. 2 and 209 CMR 18.02.

## II.                        JURISDICTION AND VENUE

**5.** The District Court of the United States has jurisdiction pursuant to 15 U.S.C.§1692 et, al, 28 USC §1331 and 15 U.S.C.§1681p et, and MGL 93, Sec 24c and the court has concurrent jurisdiction over Claimant's tort state claim. The Respondent is registered to do business in Massachusetts. Respondent caused injury to a person within this Commonwealth, to Claimant, Ilir Lecaj, while it was engaged in debt collection activities, to wit, within this Commonwealth. The court has concurrent jurisdiction over Claimant tort state claims.

## VENUE

**6.** The occurrences which give rise to this action occurred in Essex County, Massachusetts and Claimant resides in Essex County, Massachusetts. Venue is proper in the District Court of the United States. All conditions precedent to the bringing of this action has been performed.

## III.                        FACTUAL ALLEGATIONS

**7.** Claimant brings this action regarding the Respondent in their continued attempts to collect an alleged debt Respondent claim is owed to them. However Claimant is without knowledge of the alleged debt Respondent's claim is owed.

**8.** On and about April 26, 2015 this Claimant received a dunning letter from the Respondent J.C. Christensen and Associates, Inc. where is alleged that the Respondent has "been contracted to represent in the recovery efforts of your delinquent account". **(See exhibit A).**

**9.** On and about May 2, 2015 this Claimant served a Notice for Validation of Debt. The notice required the Respondent J.C. Christensen and Associates, Inc to validate and verify their alleged debt pursuant to 15 USC§1692g. The Notice was received on May 6, 2015 by the Respondent J.C. Christensen and Associates, Inc. **(see Exhibit B)**

**10.** On and about June 2, 2015 this Claimant obtained his credit report from Experian and realized the Respondent J.C. Christensen and Associates, Inc. has obtained twice Claimant's credit file on April 21, 2015 without a permissible purpose. One Credit Pull is under the "Inquiries Shared with Others" **(Hard Pull)** and the other is under "Inquiries shared only with you". **(See exhibit C).**

**11.** On and about July 4, 2015 this Claimant sent Intent to Sue letter to Respondent J.C. Christensen and Associates, Inc. On this letter the Claimant expressed the will to resolve the matter amicably. **(See exhibit D)**.

**12.** On and about July 20, 2015 this Claimant received an answer of his "Intent to Sue" letter from the Respondent J.C. Christensen and Associates, Inc. where is explained the reason for the credit pull. According to Delilah Stellmach, JCC has completed the investigation and the Credit Inquiries are permissible pursuant to 1681(3)(a). **(See exhibit E).**

**13.** On and about July 16, 2015 this Claimant obtained another new credit report from Experian and realized the Respondent J.C. Christensen and Associates, Inc. has not removed the credit pulls from the credit report. **(See exhibit F)**.

**14.** On and about Oct 09, 2015 this Claimant received from **Secretary of the Massachusetts Commonwealth** the answer of UCC 11 search and it shows that there is no debt recorded and there is no "alleged debt" at all **(see exhibit H)**

**15.** This Claimant has exhausted the administrative remedies with the Respondent. This Claimant gave the chance to settle privately but J.C. Christensen did not admit of any violation.

## IV.  FIRST CAUSE OF ACTION
## VIOLATION OF 209 CMR 18.14(2)
## COMMUNICATING WITH THIRD PARTIES

**16.** Previous paragraphs are re-alleged as though fully set out herein.

**17.** Claimant is a "consumer" and natural person within the meaning of the MGL 93 Chapter 24 and/or CMR 209, 18.16(8), and FDCPA 15 USC §1692a (3).

**18.** The Respondent J.C. Christensen is a "debt collector" within the meaning of FDCPA 1692a(6) and M.G.L. Ch. 93 §24 and/or CMR 209, 18:02.

**19.** The Respondent J.C. Christensen is a stranger to the Claimant. Claimant has no contractual relationship with Respondent J.C. Christensen and has never applied for credit or any other service with the Respondent.

**20.** The Respondent J.C. Christensen communicated with this Claimant without out his

"prior consent". FDCPA 15 USC 1692c(b) and 209 CMR 18.14(2) partially say:

### COMMUNICATION WITH THIRD PARTIES.

*(2) Communication with third parties. Except as provided in 209 CMR 18.13, **without the prior consent** of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*

**21.** This Claimant believes that J.C. Christensen violated FDCPA 15 USC 1692c(b) and 209 CMR 18.14(2). The Respondent, J.C. Christensen, a third party debt collector did not send a letter to ask for Claimant's consent to talk or communicate about an alleged "account" or alleged "debt". J.C. Christensen sent a Dunning Letter without prior consent of the Claimant.

**22.** This Claimant has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

## V.                  SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1692e(2), FDCPA and 209 CMR 18.16
## FALSE AND MISLEADING REPRESANTATION.

**23.** Previous paragraphs are re-alleged as though fully set out herein.

**24.** Claimant is a "consumer" within the meaning of the MGL 93 Chapter 24 and/or 209 CMR 18:02, and  FDCPA 15 USC §1692a (c)

**25.** The Respondent J.C. Christensen is a "debt collector" as defined in 1692a(6) and M.G.L. Ch. 93 §24 and/or CMR 209, 18:02. The Respondent is a stranger to the Claimant. Claimant's has no contractual relationship with Respondent J.C. Christensen and has never applied for credit or services with the Respondent.

**26.** This Claimant received communications from J.C. Christensen (see Exhibit I). The Respondent J.C. Christensen, in their Dunning Letter uses sentences as bellow:

*Your Capital One Bank (USA) N.A. has been **purchased** by Cavalry SPV I, LLC and **placed** with us for collection. Our services have been contracted to represent in the **recovery** efforts of your*

*delinquent account. Our records indicate that the outstanding balance on your account is $2958.92.*

*In an effort to resolve this matter as quickly as possible we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account. Please review the following settlement opportunities to make voluntary resolution of your account a reality:*

*To resolve your debt online, please visit us at www.JCCSecurePay.com.*
*To take advantage of this opportunity to settle your account, call....*

In J.C. Christensen response to Claimant's **"Intent to Sue"** letter (exhibit E) the Respondent J.C. Christensen says:

*The above account was placed with J.C. Christensen & Associates, Inc. ("JCC") for collection ("Account"). The initial collection notice mailed to you included the required language under the Fair Debt Collection Practices Act ("FDCPA") setting forth your right to dispute the debt and demand verification of the debt.*

**27.** This Claimant is very confused by the language used in these letters. First, for the same "account" this Claimant has received another letter from a Debt Collector / Debt Buyer called **Cavalry SPV I, LLC** and **"referred the account to Cavalry Portfolio Services, LLC"**. Who is the owner of the alleged "**account**"? One time the alleged "**account**" was **Purchased by CVALARY SPV, LLC**, in the second letter "**the above account was placed with JCC**" How was the alleged "account" **purchased** or **placed**? No proof was provided. There is no proof of the "**purchase**" in any of the correspondence. How can a Debt Collector buy an "**account**"? There was no information provided by J.C. Christensen of "contract to represent in the recovery" of the alleged account. What does it mean the "**your delinquent account**"? or "to resolve **your debt**? Respondent, J.C. Christensen, could not verify any "**debt**". What "**Debt**"? Who owns the "**debt**"? Who owns the alleged "**account**"?

And finally: **What is an "account" ???**

Here is the definition of the account from **15 USC 1693**

**(2)** the term "**account**" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

**28.** This Claimant believes that these letters violate 1692e(10) and 209 CMR 18.16(10) for false and deceptive means to collect an alleged debt.

**VI.**           **THIRD CAUSE OF ACTION**
# VIOLATION OF 15 U.S.C.§1681b(f) FCRA and MGL Ch.93, §51(3)
## UNPERMISSABLE CREDIT INQUERIES

**29.** Previous paragraphs are re-alleged as though fully set out herein.

**30.** Claimant is a "consumer" within the meaning of FCRA, 15 USC§1681a(c) and the MGL 93 Chapter 24 and/or 209 CMR 18.02.

**31.** The Respondent J.C. Christensen is a "credit furnishers" within the meaning of the 15 USC§1681a(c). Experian is "credit provider" within the meaning of 15 USC§1681(a)(f).

**32.** Experian is a consumer reporting agency as defined in 15 U.S.C. §1681(f) and MGL Ch 93, Sec 50, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, to third parties for monetary compensation.

**33.** Plaintiff's consumer credit **FILE** is a consumer report within the meaning of the FCRA, 15 USC§1681(a)(g) and MGL 93 §50.

**34.** The FCRA, 15 USC§1681(b) defines the permissible purpose for which a person may obtain a consumer credit file.

**35.** Such permissible purposes as defined by 15 USC§1681(b) are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is proffered a bona fide offer of credit as a result of the inquiry.

**36.** This Claimant has never had any business dealings with the defendant, nor has Claimant applied for any credit or services, or employment as defined in 15 USC§1681(b), neither has Claimant executed any contracts resulting in an account in favor of the Respondent.

**37. J.C. Christensen and Associates, Inc** violated FCRA 15 USC 1681(b) and Consumer Protection Laws of Massachusetts by obtaining Claimant's credit report. **J.C. Christensen and Associates, Inc** violated twice Massachusetts Fair Credit Reporting Act, Mass. Gen. Laws ch. 93, §§ 50-68. by obtaining Claimant's credit file. **J.C. Christensen** and Experian willfully violated the FCRA. Respondent's violations include, but are not limited to, the following:

**(a) J.C. Christensen and Associates, Inc** willfully violated 15 U.S.C. §1681b(f) by obtaining Claimant's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**(b)** Experian willfully violated 15 U.S.C. §1681b by furnishing Claimant's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**38.** On the FTC Staff Report with Summary of Interpretations **"40 Years of Experience with the FCRA"**, page 44 (3)(B), FTC and later supported by CFPB, defines the "permissible purpose". Here is what in short says: **(see Exhibit G)**

B. **Debt collection.** A collection agency, detective agency, private investigator, or attorney has a permissible "collection" purpose under this section to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on **behalf of a creditor**. A creditor may obtain a consumer report on an existing account to formulate its collection strategy. An attorney collecting a debt for a creditor client has a permissible purpose to obtain a consumer report on the debtor to the same extent as the client.

**39.** Claimant has endured significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

**40.** WHEREFORE, Claimant demands judgment for damages against **J.C. Christensen** for actual or statutory damages $1000 per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

# VII.     FOURTH CAUSE OF ACTION
## INVASION OF PRIVACY – VIOLATION OF MGL Ch.93, §66
### J.C. Christensen and Associates, Inc

**41.** Previous paragraphs are re-alleged as though fully set out herein.

**42.** Respondent **J.C. Christensen and Associates, Inc** is a "debt collector" and a stranger to the Claimant. Claimant has no contractual relationship with this Respondent, and has never applied for credit or services with this Respondent.

**43.** On or about April 21, 2015, Respondent **J.C. Christensen and Associates, Inc**, illegally obtained Claimant's consumer credit report of this Claimant. Respondent **J.C. Christensen and Associates, Inc is** NOT a creditor; therefore Respondent illegally obtained Claimant's consumer credit report constitutes a Tort claim for Invasion of Privacy.

**44.** The Claimant's right to privacy is also an enumerated Constitutional right, both in the Commonwealth and Federal Constitution. Claimant has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by Respondent **J.C. Christensen and Associates, Inc**. Importantly Claimant is most concerned with the fact that Claimant "did not" provide his social security numbers to the Respondent. Claimant supports this assertion by the mere fact that no credit, no account, no debt, no application or services was applied nor received from the Respondent.

**45.** Claimant has the right to discovery, to determine where Respondent obtained his personal, private information from. Specifically Claimant will investigate through CLAIM FOR DAMAGES discovery where Respondent obtained Claimant's social security number from, and what additional proprietary information was obtained by the Respondent illegally and unlawfully, and how that information is being used. Respondent **J.C. Christensen and Associates, Inc** may also be guilty of identity theft under state and federal law.

**46.** Massachusetts further recognizes the Claimant's right to be free from invasions of privacy, thus Respondent violated Massachusetts General Law Chapter 93, §66 that say:

> *Section 66. Any person who knowingly and willfully obtains information relative to a consumer from a consumer reporting agency under false pretenses shall be punished by a fine of not more than $5,000 or by imprisonment for not more than one year, or both.*

**47.** The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

**48.** The Respondent intentionally intruded upon Claimant's right to privacy by obtaining his credit file, not once but twice.

**49.** The conduct of the Respondent in engaging in the unlawfull collection activities resulted in at least two (2) invasions of privacy in such a way as would be considered highly offensive to a consumer and Natural Person.

**50.** As a result of the intrusions and invasions, the Claimant is entitled to actual damages in an amount to be determined at the trial by operation of law.

**51.** All acts of Respondent and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Respondent is subject to punitive damages.

## PLAINTIF DEMANDS
## WHEREFORE,

Claimant demands judgment be entered against Respondent: **J.C. Christensen and Associates, Inc**

1. Statutory violations and actual damages, punitive damages, attorney's fees and costs of $1,000, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a).

2. Statutory violations pursuant MGL Ch. 93 Sec.66 - $5,000 for invasion of privacy.

3. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

4. Punitive damages, compensatory damages in an amount determine by law;

5. Attached with this claim is the Bill for damages caused by Respondent Cavalry to the Claimant.

It is my wish that this Court will double and triple the amounts shown above.

**I state under penalty of perjury, under the laws of the United States of America that the forgoing is true and correct.**

Date  5/18/2016                     By  *Iliv Lecaj*
                                        Consumer, Claimant